IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

CHARLES JORDAN                                                                                              PETITIONER

V.                                                                                           NO. 1:21-CV-32-DMB-DAS

TRINA DAVIDSON BROOKS                                                                             RESPONDENT

**MEMORANDUM OPINION**

Before the Court are the State's motion to dismiss Charles Jordan's pro se petition for a writ of habeas corpus and Jordan's various motions to dismiss. Because Jordan failed to exhaust his state remedies and now is procedurally barred from doing so, the State's motion to dismiss will be granted and Jordan's motions to dismiss will be denied.

**I**
**Procedural History**

On August 18, 2020, following a trial in which he was found guilty on five different counts of exploitation of a child,[1] Charles Jordan pled guilty to one count of exploitation of a child in the Circuit Court of Oktibbeha County, Mississippi. Doc. #15-1 at PageID 233–36. He was sentenced to twelve years in custody of the Mississippi Department of Corrections ("MDOC"), with five years suspended.[2] *Id.* at 234. Jordan then began to seek relief in both state and federal court.

**A. State Court Proceedings**

On October 1, 2020,[3] Jordan filed a "Notice of Motion to Vacate Judgment/Guilty Plea (PCR)" in the Circuit Court. *Id.* at PageID 243-85. He filed an amended motion on November 6,

---

[1] *See* Doc. #15-1 at PageID 228–29.

[2] Jordan is currently in MDOC custody and housed at the Central Mississippi Correctional Facility in Pearl, Mississippi. Doc. #10.

[3] Although signed by Jordan on September 29, 2020, the document was filed on October 1, 2020. Doc. #15-1 at PageID 285. The Court references the date documents were filed in the state court.

2020, explaining that his October 1 motion should have been a petition for post-conviction relief. *Id.* at PageID 364–65. Three days later, following a hearing in which Jordan was represented by counsel and "advised the Court that … he wished to dismiss his petition for Post Conviction Relief," his petition was dismissed with prejudice. *Id.* at PageID 367.

On November 17, 2020, Jordan filed a "Motion to Dismiss Charges for Violation of Constitutional Rights to a Speedy Trial" in the Circuit Court. *Id.* at PageID 368–78. Because "[a] valid guilty plea waives the right to allege a violation of the right to a speedy trial," Jordan's motion was dismissed the same day it was filed. *Id.* at PageID 239. Six days later, Jordan filed a notice of appeal regarding the dismissal. *Id.* at PageID 240.

While his appeal was pending, Jordan filed in the Circuit Court on December 18, 2020, a "Motion to Dismiss Indictments Speedy Trial Violations." Doc. #1 at PageID 98–120. The Circuit Court dismissed the motion, noting that Jordan "waived his right to appeal when he knowingly, intelligently, freely and voluntarily pled guilty to one count of exploitation of a child after a jury found [him] guilty … [and w]hen he pled guilty, [he] knowingly and intelligently gave up his right to a speedy and public trial by jury." Doc. #5 at PageID 146. Additionally, after "weigh[ing] the factors enumerated by the United States Supreme Court in *Barker v. Wingo*," the court found Jordan "was not denied his right to a speedy trial." *Id.* at PageID 148.

Sometime after his conviction and presumably while his appeal was pending,[4] Jordan filed a petition for a writ of certiorari and a petition for a writ of habeas corpus in the Mississippi Supreme Court. On January 20, 2021, the petitions were "dismissed without prejudice to be filed in the trial court." Doc. #1 at PageID 37.

---

[4] Although the petition is not part of the record before this Court, Jordan represents his petitions were filed in the Mississippi Supreme Court on December 1, 2020. Doc. #5 at PageID 131.

2

After a Mississippi Court of Appeals judge denied his request to supplement the record on appeal,[5] Jordan received an extension until April 22, 2021, to file his appellant brief. Doc. #14-7. On April 27, 2021, the Court of Appeals issued a "Show Cause Notice" advising Jordan that his appellant brief "must be received fourteen (14) days from the date of this letter or the appeal shall be dismissed" and ordering him to show cause why he should not be sanctioned for failing to file the brief. Doc. #14-8.

Jordan responded to the show cause order on May 12, 2021, asserting that a recent transfer and placement in administrative segregation made it difficult for him to draft his brief. Doc. #14-9. The Court of Appeals accepted Jordan's explanation and did not impose sanctions. Doc. #18-1. However, because Jordan did not ask for extra time to file his brief and, even if he had, the Mississippi Rules of Appellate Procedure prohibit such relief, the appeal was dismissed on June 3, 2021. *Id.*; Doc. #18-2.

### B. Federal Habeas Petition

While his state court appeal was pending, on or about February 3, 2021, Jordan filed in the United States District Court for the Northern District of Mississippi a handwritten petition for a writ of habeas corpus challenging his conviction. Doc. #1. Jordan raises five challenges to his conviction: (1) he "was denied a right to a speedy trial;" (2) he received ineffective assistance of counsel; (3) he "experienced Prosecutorial and Judicial Misconduct;" (4) the "State violated [his] rights to a fundamentally fair trial to obtain a conviction;" and (5) "Prosecutorial Vindictiveness." *Id.* at PageID #5–6. Approximately one month later, he filed a supplemental habeas petition using the Court's standard form, Doc. #5, and a separate memorandum, Doc. #6. He filed two additional supplements to his petition in April 2021. Docs. #11, #13.

---

[5] Doc. #14-6 at PageID 218–19.

After being ordered to file an answer,[6] the State moved to dismiss the petition without prejudice for failure to exhaust. Doc. #14. Jordan filed a response. Doc. #16. However, on June 9, 2021, because Jordan's state court appeal was subsequently dismissed, United States Magistrate Judge David A. Sanders ordered "additional briefing regarding [Jordan's] claims, including whether the … motion to dismiss is now moot." Doc. #17. The State filed a supplemental brief, arguing the dismissal of the appeal "impacts only [the State's] request that the petition be dismissed *without* prejudice" and that dismissal with prejudice is now proper "due to Jordan's failure to exhaust available state court remedies and the ensuing procedural default." Doc. #18 at 5. Jordan filed a supplemental response on July 13, 2021. Doc. #20.

On August 4, 2021, Jordan filed a "Motion to Dismiss Indictments." Doc. #21. He then filed a memorandum in support of his motion to dismiss and four separate supplements to his petition. Docs. #28–31, #35. After receiving requested extensions to respond,[7] the State filed on October 11, 2021, a sur-reply to Jordan's July 13 supplemental response, Doc. #36, and filed on October 14, 2021, a response to Jordan's motion to dismiss indictments, Doc. #37. Jordan filed a "Response to respondent's sur-reply in accordance to 28 U.S.C.A. § 2248" on October 20, 2021. Doc. #38. A week later, he filed a reply in support of his motion to dismiss indictments. Doc. #39. Jordan filed two additional supplements and two additional motions to dismiss. Docs. #40, #41, #43, #44. The State responded to Jordan's last motion to dismiss. Doc. #45.

## II
## Exhaustion and Procedural Default

> [A court] may not grant habeas relief to a state prisoner unless the applicant has exhausted the remedies available in the courts of the State or state process is absent or ineffective. The exhaustion requirement is satisfied when the substance of the federal habeas claim has been fairly presented to the highest state court.

---

[6] Doc. #7.

[7] Doc. #24.

*Adekeye v. Davis*, 938 F.3d 678, 682 (5th Cir. 2019) (cleaned up). A claim is said to be procedurally defaulted if it has not been exhausted "and the state court to which the prisoner would have to present his claims in order to exhaust them would find the claims procedurally barred." *Kittelson v. Dretke*, 426 F.3d 306, 315 (5th Cir. 2005). To be valid, a procedural bar must be "adequate," that is, "strictly or regularly followed by the cognizant state court" and "independent" of federal law. *Fratta v. Davis*, 889 F.3d 225, 228 (5th Cir. 2018).

> If a claim is merely unexhausted but not procedurally defaulted, then, absent waiver by the state, a district court must either dismiss the federal petition or stay the federal proceeding while the petitioner exhausts the unexhausted claim in state court. But if a claim is both unexhausted and procedurally defaulted, then a district court may deny the federal petition outright.

*Norman v. Stephens*, 817 F.3d 226, 231 n.1 (5th Cir. 2016). However, dismissal based on procedural default is improper if a habeas petitioner can "show cause for the default and actual prejudice, or that a miscarriage of justice will occur if the federal court does not consider the claim." *Gonzales v. Davis*, 924 F.3d 236, 242 (5th Cir. 2019). "Cause for a procedural default exists where something *external* to the petitioner, something that cannot fairly be attributed to him impeded his efforts to comply with the State's procedural rule." *Maples v. Thomas*, 565 U.S. 266, 280 (2012). To establish prejudice, the petitioner must demonstrate that "but for the error, he might not have been convicted." *Pickney v. Cain*, 337 F.3d 542, 545 (5th Cir. 2003). "And a miscarriage of justice in this context means that the petitioner is actually innocent of the crime of which he was convicted." *Gonzales*, 924 F.3d at 242.

### III
### Analysis

In seeking the dismissal of Jordan's petition, the State argues Jordan failed to exhaust his state remedies and his claims are now procedurally defaulted. Doc. #18 at 5.

5

Jordan filed two motions for post-conviction relief[8] in the Oktibbeha County Circuit Court, both of which were dismissed. He voluntarily dismissed his first petition and the trial court dismissed his second petition—his speedy trial claim—on grounds that any such claim was waived by his guilty plea. The time for filing an appeal from either order dismissing Jordan's motions for post-conviction relief has long passed.[9] *See* Miss. R. App. P. 4(a) (notice of appeal must be filed within thirty days after the date of the entry of judgment or order appealed from). Consequently, because the Mississippi Supreme Court has not had an opportunity to consider Jordan's claims, they are unexhausted.[10]

Furthermore, because any attempt to return to state court would be barred based on Mississippi Code § 99-39-23(6)'s prohibition on successive petitions, which the Fifth Circuit has found to be an independent and adequate state bar, Jordan's claims are deemed procedurally defaulted. *See Chancellor v. Mississippi*, 129 F. App'x 878, 879–80 (5th Cir. 2005) (claims procedurally barred when unexhausted are subject to Miss. Code Ann. § 99-39-23). Thus, in order to obtain habeas review of his defaulted claims, Jordan must demonstrate cause for the default and actual prejudice as a result, or that a failure to consider his claims would result in a fundamental miscarriage of justice.

Jordan attempts to establish the cause element by alleging that his facility's Inmate Legal Assistance Program ("ILAP") failed to provide him with necessary writing materials, including

---

[8] Mississippi law does not provide for a direct appeal from a guilty plea. *See* Miss. Code Ann. § 99-35-101. However, Jordan may exhaust his claims under the Mississippi Uniform Post-Conviction Collateral Relief Act. *See* Miss. Code Ann. § 99-39-5.

[9] Jordan appealed the trial court's dismissal of his second petition but his appeal was dismissed for his failure to file an appellant brief.

[10] At some point, Jordan did submit a petition for a writ of habeas corpus to the Mississippi Supreme Court but because such action is properly brought in the trial court, it was dismissed without prejudice. *See* Doc. #1 at PageID 37. Thus, the Mississippi Supreme Court did not address the *substance* of the petition.

pen and paper, and research he requested. *See* Doc. #20 at 1–5. He also contends correctional officers failed to deliver the requested ILAP materials. *Id.* The Court rejects these arguments because during the time in which Jordan could have submitted his appellant brief to the Court of Appeals, he instead filed two supplements to his petition in this Court. *See* Docs. #11, #13. These filings show that he had access to writing materials but chose to focus his efforts on federal court proceedings rather than exhausting his claims in state court. Jordan, therefore, has not established cause for his failure to exhaust his claims in state court. And because he has not established cause, the Court need not consider whether there is "actual prejudice." *See Hughes v. Quarterman*, 530 F.3d 336, 343 (5th Cir. 2008) ("Absent a showing of cause, it is not necessary for the court to consider whether there is actual prejudice.") (internal citation omitted).

Jordan further has failed to show that failure to consider these claims would result in a fundamental miscarriage of justice because he has not shown he did not commit the crime of conviction nor has he identified any *new*, reliable evidence to support his claims. *See Fairman v. Anderson*, 188 F.3d 635, 644 (5th Cir. 1999). Instead, Jordan relies on numerous documents which were available to him at the time of his trial and subsequent guilty plea. *See, e.g.*, Docs. #20-5 to #20-15. Moreover, Jordan pled guilty to the crime of conviction and acknowledged he committed the crime alleged in the indictment. *See* Doc. #15-1 at 7. Thus, the claims presented in his petition are not cognizable for federal habeas review and are properly dismissed.

### IV
### Motions to Dismiss

Jordan's three motions to dismiss advance various arguments related to his right to a speedy trial, denial of due process, prosecutorial misconduct, and double jeopardy. *See* Docs. #21, #41, #44. However, any claims based on these allegations fail for the same reasons Jordan's petition must be dismissed—his failure to exhaust his claims in state court such that they are now

7

procedurally defaulted. Accordingly, his motions to dismiss are properly denied.[11]

## V
## Certificate of Appealability

Rule 11 of the Rules Governing § 2254 Cases in the United States District Court requires a court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." A certificate of appealability ("COA") will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To obtain a COA on a claim rejected on procedural grounds, a movant must demonstrate "that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Based on the *Slack* criteria, the Court finds that a COA should not issue in this case.

## VI
## Conclusion

The State's motion to dismiss [14] is **GRANTED**. Jordan's motions to dismiss [21][41][44] are **DENIED**. Jordan's petition for writ of habeas corpus [1] is **DISMISSED with prejudice**. A certificate of appealability is **DENIED**. A final judgment will issue separately.

**SO ORDERED**, this 5th day of January, 2022.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**

---

[11] Jordan alternatively requests a hearing on his motions to dismiss. *See* Doc. #21 at PageID 515. Under 28 U.S.C. § 2254(e)(2), a hearing is not required unless the petitioner shows, among other things, that "the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." Because Jordan pled guilty to the underlying offense, the Court concludes a hearing is not warranted.